# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL COUSIN, ET AL.** | **CIVIL ACTION NO. 14-1514** |
| **VERSUS** | **JUDGE IVAN L.R. LEMELLE** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **MAGISTRATE JUDGE SALLY SHUSHAN** |

### MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED AND RESTATED COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted by defendant, ATN, Inc. d/b/a AmTel, Inc. ("ATN") in opposition to plaintiffs' Motion for Leave to File Plaintiffs' First Amended and Restated Complaint for Damages [R. Doc. 45].

ATN adopts by reference the arguments of the St. Tammany Parish Sheriff's Office ("STPSO") Defendants in their memorandum in opposition [R. Doc. 47]. As the STPSO Defendants explain plaintiffs' proposed First Amended and Restated Complaint for Damages does not innocently substitute Selective Way Insurance Company for "XYZ Insurance Company," as plaintiffs suggest is their "primary purpose" for seeking leave three months after the cutoff for filing amended pleadings, <u>which cutoff date had already been extended by approximately one and a half months</u>. [R. Doc. 33.] Rather, the proposed amendment adds new parties (*e.g.*, ATN's alleged subsidiaries, AmTel and Customer Service of America, Inc.) and new claims some four months before trial.

Plaintiffs correctly state that ATN consented to an amendment which simply replaced "XYZ Insurance Company," with the actual name of its insurance carrier. Although one must

wonder why plaintiffs did not file such an amendment before the cutoff date considering that ATN disclosed the identity of Selective Way Insurance Company in its January 9, 2015 Initial Disclosures, such an amendment would not retard the progress of this action. But, when ATN learned that plaintiffs were attempting to add other new parties and claims, it most certainly withdrew its consent.

Plaintiffs had a year to investigate their claims before filing their original Complaint, and have had nearly one year since to conduct discovery. At some point, plaintiffs must stop attempting to add claims and parties (especially after the applicable cutoff dates have passed), and allow defendants an opportunity to fairly defend the claims made against them. It is patently unfair to cause defendants respond to an ever-changing lawsuit, especially in view of the fact that trial is some four months away, and a number of pre-trial cutoff dates have passed and others are fast approaching.

For the foregoing reasons, plaintiffs' Motion for Leave to File Plaintiffs' First Amended and Restated Complaint for Damages [R. Doc. 45], must be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Jeffrey A. Clayman*
Mark C. Dodart (Bar #17549)
Jeffrey A. Clayman (Bar #30442)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  dodartm@phelps.com
         jeffrey.clayman@phelps.com

        **ATTORNEYS FOR DEFENDANT, ATN, INC. D/B/A AMTEL, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of June, 2015 filed a copy of the foregoing pleading with the Clerk of Court using the CM-ECF system, which sent electronic notification of such filing to all counsel of record.

        */s/ Jeffrey A. Clayman*

PD.17331024.1