UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL COUSIN, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 14-1514**

**ST. TAMMANY PARISH JAIL, ET AL.**                       **SECTION "B"(1)**

### ORDER AND REASONS

Before the Court is a Motion to Dismiss[1] by Defendant St. Tammany Parish Government ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 17(a)(1). Defendant argues three separate bases for dismissal. First, Plaintiff Michael Cousin does not have a legal right to maintain a wrongful death and survival action. Second, Plaintiffs' action against Defendant is prescribed on the face of the complaint. Third, the complaint fails to state a claim on which relief can be granted. On August 11, 2015, plaintiffs filed a response in opposition.[2] Defendant subsequently filed a reply.[3]

Accordingly, and for the reasons enumerated below, **IT IS ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** as to all claims asserted against it.

---

[1] Rec. Doc. No. 69.

[2] Rec. Doc. No. 85.

[3] Rec. Doc. No. 90.

**CAUSE OF ACTION AND FACTS OF THE CASE**

On June 28, 2013, Treshon Cousin ("Cousin"), attempted to hang herself in the St. Tammany Parish Jail. On July 1, 2013, she died as a result of the injuries sustained. On June 30, 2014, Cousin's father Michael Cousin ("Plaintiff"), filed the instant wrongful death and survival actions pursuant to 42 U.S.C. § 1983. Plaintiff named as additional Plaintiffs in the complaint Cousin and Cousin's two surviving minor children, Alanna Cousin and Julius McFarland, Jr.[4] The original complaint named the following defendants: St. Tammany Parish Jail, St. Tammany Parish Sheriff's Office, Deputy Patrick McKnight, Corporal Brigid English, Nurse Jennifer Waligora, Deputy Jessica Roden, Deputy Georgia Alexander, Sheriff Jack Strain, Jr., ABC Insurance Company, ATN, Inc., and XYZ Insurance Company.[5] Defendant was named later in the first amended complaint, filed July 1, 2015.[6] In the second amended complaint, plaintiff is listed only in his capacity as a representative of decedent's two minor children.[7]

---

[4] Plaintiff states that has been named the tutor of both children, although he has not provided any evidentiary support. Defendant has not contested this statement and the Court will assume that this assertion is true.

[5] Rec. Doc. No. 1.

[6] Rec. Doc. No. 61.

[7] Rec. Doc. No. 83 at 1. The Court notes that although Plaintiff is listed in his representative capacity as a party in the Second Amended Complaint, in the section alleging Damages, Plaintiff is listed additionally "as the natural father of the deceased Treshon Cousin" who "fall[s] within the appropriate class of survivors."  (Rec. Doc. 83 at 31). However, the Court will assume Plaintiff is named only in his representative capacity.

## **LAW AND ANALYSIS**

The instant Motion was filed on July 21, 2015. Plaintiff filed a Second Amended Complaint on August 4, 2015. The filing of an amended complaint supersedes the prior complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)(noting that an amended complaint supersedes original complaint and renders it of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). The question is whether the amended complaint is so different from the original complaint as to make the motion to dismiss moot. *See In re R.E. Loans, L.L.C.*, 553 Fed. App'x 453, 456 (5th Cir. 2014). A motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint, need not be denied as moot in all circumstances. In this case, the Second Amended Complaint adopts the Amended complaint and is not so far removed from the Amended Complaint as to prevent the Court from applying the Defendant's Motion to Dismiss to the Second Amended Complaint.

I.   *Standard of Review: Dismissal under Fed. R. Civ. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

3

on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678. Once the well-pleaded factual allegations are identified, a court must "determine whether they plausibly give rise to an entitlement for relief." *Id.* at 679.

II. *Legal Right to Maintain Cause of Action under Louisiana Law*

The first issue is whether Plaintiff has a right of action under Louisiana Civil Code Articles 2315.1 and 2315.2. The Court concludes that he does. Under the Louisiana Civil Code, the survival action and the wrongful death action exist as viable causes of action for a deceased's surviving children. La. Civ. Code Art. 2315.1(A); La. Civ. Code Art. 2315.2(A). Under Rule 17(c) a guardian may sue on behalf of a minor child. Fed. R. Civ. Pro. 17(c).

Here, there is no dispute that Cousin is survived by her two minor children. Plaintiff is the purported guardian of these children. As such, under Federal Rule of Civil Procedure 17(c), he may maintain on behalf of Cousin's two minor children a

4

survival action and a wrongful death action pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2. Accordingly, Plaintiff has a legal right to maintain the instant action.

III. *Whether Plaintiff States a Cause of Action against the St. Tammany Parish Government*

### § 1983 Claims

The Court concludes that for reasons explained below, Defendant is not a properly named Defendant in this complaint. Plaintiffs' names Defendant in the complaint with respect to the claims for negligence and premises defect. Claim one alleges that Defendant is liable for negligence in implementing or failing to implement various policies and procedures within the St. Tammany Parish Jail. Claim two alleges that Defendant is liable for defects found on the premises.

However, as the local governing authority, Defendant is responsible only for financing and maintaining the jails, pursuant to La. Rev. Stat. Ann. §§ 15:304,[8] 15:702,[9] and 33:4715,[10] while the Sheriff is responsible for the day-to-day operation of the jails, pursuant to La. Rev. Stat. Ann. §§

---

[8] La. Rev. Stat. Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by . . . confinement . . . of persons accused or convicted of crimes . . . shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[9] La. Rev. Stat. Ann. § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[10] La. Rev. Stat. Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide . . . a good and sufficient jail . . . ."

13:5539(C)[11] and 15:704.[12] *See, e.g., Fairley v. Stalder*, 294 Fed. App'x 805, 812 (5th Cir. 2008). This division of responsibilities was concisely explained in *Broussard v. Foti*, No. 00-2318, 2001 WL 258055 (E.D. La. Mar. 14, 2001):

> In Louisiana, sheriffs are the final policy makers with respect to the management of jails. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998). Under Louisiana law, the authority of the Orleans Parish Criminal Sheriff is derived from the state Constitution, not from the City of New Orleans. *See* La. Const. art. 5 § 27. The sheriff's office, not the City, controls the inmates of the jail, the employees of the jail, and the daily management and operation of the jail. *See* La. R.S. § 33:1435; 15:704; *O'Quinn v. Manuel*, 773 F.2d 605, 609 (quoting *Amiss v. Dumas*, 411 So. 2d 1137, 1141 (La. App. 1st Cir.), writ denied, 415 So. 2d 940 (La. 1982)).
> 
> Under the statutory framework, the responsibility of the City of New Orleans' is to finance and physically maintain the jail. *See Griffin v. Foti*, 523 So. 2d 935, [938] (La. App. 4th Cir. 1988); *see also O'Quinn*, 773 F.2d at 609. In Louisiana, the legislative scheme dictates that the City of New Orleans bears the obligation of satisfying the expenses of housing prisoners, while the sheriff has the duty of operating the facility. *See Amiss*, 411 So. 2d at 1141. The City has no authority over the operations of the jail or the management of the sheriff's employees. *See Jones*, 4 F. Supp. 2d at 613; *O'Quinn*, 773 F.2d at 609 (administration of the jail is province of sheriff). In other words, the City's financial obligations do not constitute authority to control how the sheriff fulfills his duties. *See* [*Jones*, 4 F. Supp. 2d] at 613 (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So. 2d 669, 670 (La. 1981)). Thus, the City's responsibilities are limited to funding and maintaining the jail. *See* La.

---

[11] La. Rev. Stat. Ann. § 13:5539(C) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish . . . ." This provision formerly appeared at La. Rev. Stat. Ann. § 33:1435(A).

[12] La. Rev. Stat. Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish . . . ."

R.S. § 15:702.

*Broussard*, 2001 WL 258055, at *2. Simply put, local governments can never be liable under Section 1983 for the acts of those whom the local government has no authority to control. *McMillian v. Johnson,* 88 F.3d 1573, 1577 (11th Cir. 1996), *cert. denied,* 520 U.S. 781 (1997).

### 1. Claim One—Negligence

Defendant's obligation to maintain the St. Tammany Parish Jail was limited to a financial obligation—which *did not* give Defendant any authority over the day-to-day operations of the jail. Even if Defendant were responsible for passing all bylaws and procedures related to the day-to-day operations of the St. Tammany Parish Jail, the execution of those procedures is the responsibility of the sheriff. For these reasons, claim one fails.

### 2. Claim Two—Premises Defect

Plaintiff alleges that Defendant created and maintained conditions of confinement which were unsafe. A constitutional violation exists only if the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective. *See Hare v. City of Corinth,* 74 F.3d 633, 640 (5th Cir. 1996). However, local governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control. *McMillian,* 88 F.3d at 1577.

As previously discussed, Defendant has no authority to manage the sheriff's employees. Defendant exercises no power or discretion in the functioning of the sheriff's office or the jail. Defendant's responsibility with regard to the jail is limited to the funding of the jail and this does not constitute authority to control how the sheriff fulfills his duties. *See* La. Rev. Stat. ann. § 15:702; *Amiss,* 411 So.2d at 1141.; *Jenkins,* 402 So.2d at 671 (neither the state nor the parish exercises any significant control over Sheriff's deputies). Under this scheme, the sheriff's policy-making decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to Defendant. Therefore, the claims against Defendant under section 1983 fail.

## State Law Claims

### 1. Claim One-Negligence

Plaintiff alleges that Defendant was negligent in maintaining the St. Tammany Parish Jail, and adopting and implementing various procedures within the St. Tammany Parish Jail. In order to establish Defendant's negligence, the evidence must show Defendant had a duty to maintain the cell inside the jail, and implement various procedures related to the day-to-day functioning of the jail. *See Griffin v. Foti*, 523 So. 2d 935, 938 (La. App. 4th Cir. 1988).

8

However, as previously discussed, Defendant's only obligation to maintain the St. Tammany Parish Jail was a financial obligation. "It would be unreasonable to require the local governing body to maintain its own personnel inside the prison walls subject to its authority where, by law, the sheriff is responsible for the prison." *Id.*

In this particular case, the only evidence suggesting a duty on Defendant's part is their stipulation that they own the building. There is no evidence that they have ever inspected, maintained, or provided personnel inside the prison walls. Therefore, there is no duty on Defendant to provide the actual daily maintenance of the interior of the prison. *See id.* Therefore, we find no negligence, and this claim must fail.

### 2. Claim Two—Premises Defect

Plaintiffs argue that Defendant is liable under a theory of premises liability. Article 2317 and its interpretative jurisprudence require a plaintiff prove: (1) that the thing which caused damages was in the care, custody and control of the defendant; (2) that the thing had a vice or a defect which created an unreasonable risk of harm, and (3) that the injuries were caused by the defect. La. Civ. Code Ann. art. 2317; *Loescher v. Parr,* 324 So.2d 441 (La. 1975). The underlying basis of the fault established by each article is the legal relationship between the defective thing and its owner or

9

custodian. *Entrevia v. Hood,* 427 So. 2d 1146 (La. 1983).

It is clear from the reasons discussed above that Defendant did not have either the custody or control of the parish prison.[13] That obligation is the responsibility of the sheriff, whereas Defendant's obligation is to fund the maintenance costs. Therefore, because Defendant did not have custody or control of the building Article 2317 is not applicable, and this claim must fail.

For reasons discussed above, Defendant simply is not a proper defendant with respect to Plaintiffs' claims and, accordingly, these claims are dismissed. Because the Court concludes that Defendant is improperly named in the complaint, it is not necessary to consider Defendant's remaining argument related to the issue of prescription.

## **CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** and claims asserted against it are hereby **DISMISSED** for failing to state a claim upon which relief can be granted.

New Orleans, Louisiana, this 19th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[13] *See Griffin*, 523 So. 2d at 939 (finding that the city does not have custody or control of the parish prison).